122 F.3d 1069
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Saul BLANDON-RAMIREZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70246.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Sept. 3, 1997.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals
 
 
 2
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Jose Saul Blandon-Ramirez, a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen and reconsider its decision affirming an immigration judge's ("IJ") denial of his requests for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 5
 Blandon-Ramirez contends that the BIA should reconsider its order because the BIA improperly adopted the IJ's use of administrative notice. Blandon-Ramirez, however, failed to exhaust administrative remedies as to this issue because he raises it for the first time in this petition, and thus, we lack jurisdiction to address it. See Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987).[1]
 
 
 6
 The BIA did not abuse its discretion in denying Blandon-Ramirez's motion to reopen because he presented to the BIA only his original asylum application and supporting documents, and thus, failed to submit any new evidence to support his motion to reopen. See INS v. Doherty, 502 U.S 314, 323 (1992) (citing INS v. Abudu, 485 U.S. 94, 105 (1988)); 8 C.F.R. §§ 3.2(c), 103.5(a)(2).
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Blandon-Ramirez also contends that substantial evidence did not support the BIA's denial of his applications for asylum and withholding of deportation. We cannot address this issue because this court dismissed as untimely his prior petition for review. See Martinez-Serrano v. INS, 94 F.3d 1256, 1258 (9th Cir.1996); see also Blandon-Ramirez v. INS, No. 95-70260 (9th Cir. June 9, 1995) (order dismissing prior petition)